IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR GRAYSON, R48244, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:14-cv-00995-SMY-PMF |
| | ) |
| THOMAS SPILLER and | ) |
| SALVADORE GODINEZ. | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMEDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Plaintiff Omar Grayson's Motion to Dismiss (Doc. 19). Grayson states that his case has a strong probability of failure and that he "does not want to waste unnecessary taxpayers' money and waste the Court's time." Plaintiff's motion is not entirely clear as to whether he is seeking dismissal with or without prejudice, and so the Court will assume that Grayson is seeking dismissal without prejudice. The defendants have already filed an answer in this case. Thus to obtain a dismissal without prejudice, Grayson must either receive a Court order or the defendants must stipulate to a dismissal. Fed. R. Civ. P. 41(a). The defendants have not stipulated to a dismissal, nor have they filed a response to Grayson's Motion. Therefore, Grayson must obtain a Court order.

It is RECOMMENDED that Plaintiff Omar Grayson's Motion to Dismiss be granted. District Courts have discretion to grant dismissal pursuant to Fed. R. Civ. P. 41(a)(2) and an abuse of discretion only occurs if the defendant suffers "plain legal prejudice" by the dismissal. *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008). Factors to consider include the "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the

plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id.* at 677-678 (*quoting Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969)). Here, this case is at an early stage of the litigation. The exhaustion of administrative remedies is still at issue and little discovery has occurred. The plaintiff provided an adequate reason for dismissal and dispositive motions have not yet been filed. There is nothing to suggest that the defendants would be prejudiced by dismissal of this action. Plaintiff's Motion to Dismiss without prejudice should therefore be granted.

**SO RECOMMENDED.**

**DATED:   April 13, 2015 .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**